**1104**

Elizabeth BOGOSIAN

v.

Thomas LYNCH and Marc A. Greenfield.

Nos. 92–417–Appeal, 87–1186.

Supreme Court of Rhode Island.

April 23, 1993.

### ORDER

This matter was before a panel of the Supreme Court on an order issued to all parties to appear and show cause why the issues raised in this appeal should not be summarily decided. In this case the defendants have appealed from a judgment entered in Superior Court for plaintiff. That judgment followed a finding by the trial justice that the defendants had failed to demonstrate that the plaintiff acted with malice when she recorded the purchase and sale agreement and the notice of lis pendens and, consequently, failed to establish their claim of slander of title. The trial justice also found that the defendants failed to prove by a fair preponderance of the evidence, any damages proximately resulting from the recording of the agreement or lis pendens. Finally the trial justice ruled that legal malice, and the intent to do harm without justification is an essential element of an action based on interference with prospective economic advantage.

After reviewing the memoranda submitted by the parties and after hearing their counsel in oral argument, it is the conclusion of this court that cause has not been shown.

The ruling of the trial court at issue in this appeal is one of fact, not law. We have stated many times that a trial judge's findings will be given great weight and will not be disturbed unless the appealing party can show that those findings are clearly wrong. *Vito v. Department of Environmental Management*, 589 A.2d 809, 812 (R.I.1991).

For these reasons the defendant's appeals are denied and dismissed, the judg-ment appealed from is affirmed and the papers of the case are remanded to the Superior Court.

WEISBERGER, J., did not participate.

Cynthia GRENIER

v.

GENERAL ACCIDENT INSURANCE COMPANY OF AMERICA.

Nos. 92–414–Appeal, 91–2733.

Supreme Court of Rhode Island.

April 23, 1993.

### ORDER

This matter was before a panel of the Supreme Court pursuant to an order directing the plaintiff to appear and show cause why the issues raised in her appeal should not be denied and dismissed. In this case defendant General Accident Insurance Company's motion for summary judgment was granted and the plaintiff's motion was denied.

After review of the memoranda submitted by the parties and after hearing their counsel in oral argument, it is the conclusion of this court that cause has not been shown. The language of the policy at issue is unambiguous and not in need of any judicial construction or interpretation. The plaintiff in this case has received $25,000 from her own insurance carrier and it appears that she is not entitled to recover under the policy of her father.

Therefore, the plaintiff's appeal is denied and dismissed, the judgment appealed from is affirmed and the papers of the case are remanded to the Superior Court.

WEISBERGER, J., did not participate.